IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Pensicola Banks, | ) | C/A No. 3:12-32-JFA-PJG |
|                       Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| John M. McHugh, *Secretary Department of the Army*, | ) | |
|                       Defendant. | ) | |

The plaintiff, Pensicola Banks ("Banks"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against the defendant, John M. McHugh. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss and for summary judgment. (ECF No. 24.) Banks filed a response in opposition to the defendant's motion (ECF No. 30), and the defendant replied (ECF No. 36). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

## BACKGROUND

The parties' memoranda reveal that the facts are largely undisputed, with Banks contesting only the defendant's characterization of events. (See generally Pl.'s Mem. Opp'n Mot. Summ. J. at 2-20, ECF No. 30 at 2-20) (addressing the defendant's assertions of fact point by point). To the extent any dispute exists, it is viewed in the light most favorable to Banks.

Banks, who is African American, served as a Program Specialist at Fort Jackson's Child, Youth and School Services from 2003 until the termination of her employment in October 2010.

During the relevant time period, Banks supervised two employees: Bertha White, an African American female who was a close personal friend of Banks, and Bradie Darland, a white female. Banks in turn reported at various times to supervisors Rose Edmond, a white female; Patricia Haynes, a black female; and Cindy Andre-Noel, a black female.

Banks's employment issues began when her supervisors perceived that Banks was not addressing customer service problems created by those under her supervision—specifically, those of Bertha White. Banks believed White's performance was satisfactory despite the complaints received about her from customers. Banks's supervisors disagreed with Banks's assessment of White's performance and counseled Banks for failing to take action. Additionally, Banks's supervisors found fault with the work schedule Banks established for her unit. Finally, Banks was criticized for tardiness, insubordination, and issues with her interpersonal skills, including an incident which led to a complaint by Darland asserting workplace violence against Banks. Following that incident, Banks was temporarily reassigned to a different position for a few days until Darland resigned. Banks made contact with the Equal Employment Office in September of 2009 regarding the temporary reassignment. Banks's supervisors proceeded through the disciplinary process applicable to Banks's position, and ultimately terminated her employment approximately one year later.

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing



to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Burden Shifting Framework in Employment Cases**

A plaintiff may demonstrate discrimination through direct or circumstantial evidence. When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden shifting framework. Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010). The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142. Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas frame work—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*." Id. (internal quotation marks & citations omitted).

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's



affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every Title VII case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

**C.     Banks's Claims[1]**

Banks relies on five adverse actions to support her claim of retaliation: (1) she was forced to sign documents outlining problems with her performance; (2) she received a marginal performance rating; (3) she was charged for one hour as absent without leave (AWOL); (4) her work hours were changed; and (5) she was terminated. Even assuming that Banks can establish a *prima*

---

[1] Banks agrees in her memorandum that her first cause of action for race discrimination should be dismissed. (Pl.'s Mem. Opp'n at 20, ECF No. 30 at 20.)



*facie* case of unlawful retaliation based on these events,[2] she has failed to show on this record that reasons the defendant offers for the adverse actions taken against Banks are a pretext for unlawful retaliation. On this point, Banks simply argues that the defendant has not offered a legitimate, nondiscriminatory reason for the adverse acts. (Pl.'s Mem. Opp'n at 22, ECF No. 30 at 22.) She is mistaken; the defendant's motion is well supported with documentation that Banks's supervisors perceived her work performance to be deficient in several respects, including Banks's failure to address White's customer service issues; that Banks was insubordinate, disagreeable, and easily lost her temper; that another employee felt threatened by Banks; that she was tardy on at least one occasion; and that she continued to work beyond her scheduled hours even after being instructed by her supervisors not to do so. In fact, Banks admits to many of these deficiencies. (See Pl.'s Mem. Opp'n § II at ¶¶ 26-27, 29, 40, 63, 65, ECF No. 30 at 8-9, 12, 19.) While Banks argues that her supervisors overreacted to the problems she concedes existed and disputes the severity of the issues, she presents no evidence whatsoever that these problems were falsely presented as a pretext for unlawful retaliation. See Holland v. Washington Homes, Inc., 487 F.3d 208, 217-18 (4th Cir. 2007) (concluding that no reasonable juror could conclude the decisionmaker's reason was pretextual where the plaintiff's evidence "failed to address whether [the decisionmaker] did not honestly believe that the threats were made" and noting that " '[i]t is the perception of the decisionmaker which is relevant' ") (quoting Tinsley v. First Union Nat'l Bank, 155 F.3d 435 (4th Cir. 1998)); Dugan v. Albemarle Cnty. Sch. Bd., 293 F.3d 716, 722-23 (4th Cir. 2002) (" '[I]t is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the

---

[2] The court notes that for purposes of the instant motion, the defendant does not dispute that Banks can establish a *prima facie* case of retaliation with regard to the first four alleged adverse actions.



reason for the plaintiff's [adverse employment action].' ") (alterations in original) (quoting DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998)).

## RECOMMENDATION

Banks has presented no evidence that the defendant's stated reasons for taking the actions she challenges were a pretext for unlawful retaliation. Accordingly, the court recommends that the defendant's motion for summary judgment (ECF No. 24) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 9, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).